Sleppy *v.* Lloyd et al., Appellants.

Argued March 7, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*R. Lawrence Coughlin,* County Solicitor, for appellants.

*James P. Harris,* for appellee.

OPINION BY ARNOLD, J., July 15, 1949:

Plaintiff sued in assumpsit to recover commissions as tax collector, on real estate taxes collected by the County of Luzerne following the collector's return of such taxes to the county commissioners. The action involved the returns and commissions for the years 1934 through 1938. The amounts involved were not in dispute. The case was tried by the court without a jury, resulting in judgment for the plaintiff, and the county appealed.

Plaintiff's claim was grounded on the Act of 1931, P. L. 280, 72 PS §5971a et seq. Section 1 of the Act provides for the tax collector making return of taxes assessed, levied and unpaid on seated lands; the return to be made not later than the first Monday of May in the year succeeding the levy. Section 6 provides that the tax collector shall receive a commission of two per cent. from the taxing district (in this instance the County of Luzerne), when and if the tax is paid and remitted to the proper taxing district.

The defense was that the County of Luzerne had complied with §21 of the same Act, which provides: "No tax collector shall make any [such] return of taxes . . . if the taxing authorities shall notify such tax collector in writing that returns shall not be made, but that delinquent taxes are to be collected by the filing of liens in the office of the prothonotary." The only question is whether the defendants gave notice to the plaintiff in conformity with said section.

For the years 1935 through 1938 the plaintiff received a printed notice captioned: "SPECIAL INSTRUCTIONS TO TAX COLLECTORS." These printed instructions consisted of one and one-half pages of small

print, none of which is relevant to this inquiry. Printed in larger type appeared: "NOTICE. That according to Section 21 of the Act of 1931, and amendments, upon receiving notice that the Commissioners or any other municipality desire to return taxes under the Act of 1923, none of the provisions of the Act of 1931 quoted on the instructions [printed on the same paper] to Tax Collectors apply." Regardless of the purpose or intent of the county, this "notice" does not comply with §21 of the Act of 1931. It fails to direct the tax collector not to make such returns; nor does it state that the delinquent taxes are to be collected by the filing of liens with the prothonotary. It merely advises that (under §21 of the Act of 1931) the commissioners *may* give notice not to make such returns under the Act of 1931. It should also be observed that the Act of 1923, P. L. 207, 53 PS §2021 et seq., does *not* provide for a tax *return* by the tax collector. It simply gives the taxing authority the power to enter a lien in the prothonotary's office for unpaid taxes on real estate, and nowhere imposes any duty upon the tax collector to make a *return* or otherwise. Therefore no adequate defense was presented to the commissions for 1935 through 1938.

For the year 1934 the county notified the plaintiff that the commissioners had passed a resolution as follows: "That all Tax Collectors of County taxes for the year 1934, be notified that in accordance with Section 21 of the Act of 1931, P. L. 280, *taxes shall not be returned under said Act,* but the County will operate under the Act of 1923. . . ." (Italics supplied.) This notice, which the plaintiff received, was both efficacious and in conformity with the Act of 1931; and the plaintiff cannot recover commissions for the taxes returned for that year in disobedience of that direction.

We are unable to determine from the pleadings and the briefs the amount of tax collector's commissions

involved in 1934. The plaintiff's judgment of $2447.32 must be reduced by the amount of the commissions for that year. The record is remanded to the court below with instructions to modify said judgment in accordance with this opinion.

As thus modified the judgment is affirmed.